GETTLEMAN, District Judge,
dissenting.
I respectfully dissent from the majority opinion.
This international tariff case concerns the proper classification of a synthetic woven textile fabric (the “Fabric”) imported by respondent Value Vinyls, Inc. (“Value Vinyls”). The sole issue on appeal is the proper interpretation of the operative language of HTSUS subheading 3921.90.11, which provides: “products with textile components in which man-made fibers predominate by weight over any other single textile fiber.” Specifically, at issue is the meaning and function of the word “predominate,” and whether a 100% man-made woven textile fiber product qualifies as a “product with textile components in which man-made fibers predominate by weight over any other single textile fiber” under HTSUS subheading 3921.90.11. My colleagues hold that the Court of International Trade correctly ruled that HTSUS subheading 3921.90.11 applies to products with textile components made of entirely man-made fibers and properly classified the Fabric. I conclude that the Court of International Trade erred by holding that the term “predominate” was ambiguous within the meaning of HTSUS subheading 3921.90.11, and improperly relied on an agency report to reach its holding.
The terms used in the schedule are afforded their common or dictionary meaning unless the HTSUS or the legislative history provide a contrary definition. Medline Indus., Inc. v. United States, 62 F.3d 1407, 1409 (Fed.Cir.1995); see also Mita Copystar Am. v. United States, 21 F.3d 1079, 1082 (Fed.Cir.1994) (“A court may rely upon its own understanding of *1381 terms used, and may consult standard lexiographic and scientific authorities to determine the common meaning of a tariff term.”). In addition, the court may “look to the Explanatory Notes accompanying a tariff subheading as a persuasive, but not binding, interpretative guide.” Bauer Nike Hockey USA, Inc. v. United States, 393 F.3d 1246, 1250 (Fed.Cir.2004) (citing Mita Copystar, 21 F.3d at 1082).
At the core of my disagreement with the majority is its willingness to disregard the plain meaning of the language of the HTSUS. The plain meaning of “predominate” is unambiguous. It necessarily “contemplates a hierarchy between two or more elements” and “incorporates a comparison between two or more entities and a determination that one of the entities outweighs the other.” Semperit Indus. Prods., Inc. v. United States, 855 F.Supp. 1292, 1298 (Ct. Int’l Trade 1994). In Semperit, the Court of International Trade adopted this definition and engaged in a lengthy analysis of the common and popular meaning of the term “predominate.” Id. While it is true that Semperit is not binding on this court, I find the detailed analysis of the meaning of “predominate” wholly persuasive.
At issue in Semperit was the meaning of “predominate” as it appears in the subsection of the HTSUS that applies to conveyor or transmission belting made of vulcanized rubber. Although the relevant subheadings in Semperit and the instant ease are distinct in regard to the merchandise they encompass, the relevant language at issue is identical in both subheadings: “[w]ith textile components in which man-made fibers predominate by weight over any other single textile fiber.” In the absence of a statutory definition or guiding legislative history, the Semperit court looked to the plain meaning of the statute and compared the common definition of “predominate” with various dictionary entries for the term. The Semperit court concluded that nothing in the HTSUS or common and popular meaning of predominate “suggests that one material can ‘predominate’ when no other material exists.” Id., 855 F.Supp. at 1298-99. Thus, applying this logic to the instant case, because the Fabric is made of only one type of material, a subheading utilizing the word “predominate” is inapplicable.
The majority takes issue with the Semperit definition and finds it unpersuasive because the legislative history of the subheading in Semperit differs from the legislative history of HTSUS subheading 3921.90.11. Although it is true that Semperit and the instant case are distinguishable in some respects, it would be incorrect to rely on an administrative agency report (the “Conversion Report”) as legislative history. The Conversion Report was issued by the International Trade Commission when the Tariff Schedule of the United States (“TSUS”) was converted to the HTSUS. While the Conversion Report may shed light on congressional intent, it is merely an interpretive text by the agency, and should not be relied on as conclusive legislative history in the face of the unambiguous plain language of the subheading.
Further, a review of the actual congressional legislative history of HTSUS subheading 3921.90.11 reveals nothing to compel a contrary result. See Bausch & Lomb, Inc. v. United States, 148 F.3d 1363, 1367 (Fed.Cir.1998). The TSUS General Headnote and Rule of Interpretation 9(f)(i)(1988) defined the word “of’ when used between the description of a material and the material to mean the “article is wholly or in chief value of the named material.” Therefore, TSUS subheading 355.81 encompassed textile materials coated, filled or laminated with rubber or plastics made only of manmade *1382 fibers. There is no language in TSUS subheading 855.81 limiting its scope to material comprised of two or more textile fibers.
In contrast, the new language of HTSUS subheading 3921.90.11 does create such a limitation. The change in language from “wholly or in chief value” in the TSUS, to “predominate by weight” in the HTSUS evidences intent by Congress to change the meaning of the subheadings, not just the method of measuring the goods as the majority suggests. See Bausch & Lomb, 148 F.3d at 1367 (“ ‘A change in the language of a statute is generally construed to import a change in meaning (quoting Ruth F. Sturm, Customs Laws and Administration § 51.7 at 57 (1995))). Consequently, any inference that the classification of fabrics having 100% man-made fibers under TSUS subheading 355.81 necessitates the classification of such fabrics under HTSUS subheading 3921.90.11 is, in my view, incorrect.
Based on its interpretation of the Conversion Report, the majority concludes that “predominate” can have multiple meanings within the HTSUS. While I recognize my colleague’s faithfulness to the principle of continuity of tariffs in the conversion from TSUS to HTSUS, I am unconvinced that this mandates a departure from one of the primary rules of statutory construction: words should be defined consistently throughout a statute “[ajbsent clear legislative intent to the contrary.” Lynteq, Inc. v. United States, 976 F.2d 693, 699 (Fed.Cir.1992). I find that it would be incongruous and confusing to ignore this rule. The meaning of “predominate” has already been litigated, defined by the Court of International Trade, and applied as law by U.S. Customs and Boarder Protection. I find no reason to assign multiple definitions to the term within the same statute.
The undisputed facts in this case establish that the subject Fabric has the following characteristics: (1) it is a sheet of plastic; (2) combined with textile material; and (3) the textile component is made exclusively of a single man-made fiber. Consequently, in my view, the man-made components of the subject Fabric cannot “predominate over any other single textile fiber” because there is no “other” fiber over which to predominate. Therefore, the Fabric does not fall within HTSUS subheading 3921.90.11, and the goods must be classified under HTSUS subheading 3921.90.19 at a duty rate of 5.3% ad valorem.
Because I would reverse the Court of International Trade’s decision, I respectfully dissent.